UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DONNELL MAURICE SIMS,            )
                                 )
            Petitioner,          )
                                 )
        vs.                      )        No. 4:05-CV-727 CEJ
                                 )
CHUCK DWYER,                     )
                                 )
            Respondent.          )


**MEMORANDUM AND ORDER**

This habeas corpus matter is before the Court on petitioner's objections to the Report and Recommendation of United States Magistrate Judge Mary Ann L. Medler, to whom the matter was referred pursuant to 28 U.S.C. § 636(b). On November 22, 2005, Judge Medler issued a Report and Recommendation, recommending that the petition of Donnell Sims for writ of habeas corpus under 28 U.S.C. § 2254 be denied. On December 30, 2006, petitioner filed objections to the Magistrate Judge's Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court makes the following *de novo* determination of the portions of the report and the specified findings or recommendations to which objection is made.

On June 9, 2004, petitioner Donnell Sims plead guilty to felony counts of burglary, stealing over $500, and tampering, as well as misdemeanor counts including receiving stolen property and possession of drug paraphernalia. He was delivered to the Missouri Department of Corrections on June 16, 2004.

Petitioner seeks federal habeas relief on the grounds that his guilty plea was not knowing, intelligent, or voluntary, and that his trial counsel was ineffective for failing to obtain a psychiatric evaluation for him or advance a defense of insanity. Petitioner did not file a motion for post-conviction relief, and admits that he has procedurally defaulted his claims. However, he argues that he was mentally ill during the post-conviction period[1], and that this establishes a cause and excuse for his procedural default. Judge Medler found that the petitioner had procedurally defaulted the issues raised in his habeas petition, and in the alternative, that his claims were without merit.

In the absence of a showing of cause and prejudice, a "defendant who has failed to raise a constitutional claim in state court is procedurally barred from litigating that claim in a federal habeas proceeding." Leggins v. Lockhart, 822 F.2d 764, 766 (8th Cir. 1987). The petitioner argued that his schizophrenia and the effects of his medications established cause and an excuse for his procedural default. Judge Medler found that petitioner had not conclusively shown his incompetence to comply with state procedural requirements, as required by Holt v. Bowersox, 191 F.3d 970 (8th Cir. 1999). Holt held that

> in order for mental illness to constitute cause and
> prejudice to excuse procedural default, there must be a
> conclusive showing that mental illness interfered with a

---

[1] Missouri Supreme Court Rule 24.035 requires a person who is convicted pursuant to a guilty plea to file motions for post-conviction relief within 180 days of being delivered to the custody of the Department of Corrections.

petitioner's ability to appreciate his or her position and make rational decisions regarding his or her case at the time during which he or she should have pursued post-conviction relief.

Id. at 974.

Petitioner now objects to Judge Medler's report and recommendation, arguing that her "conclusions stem from a false premise, i.e., that while Sims was on medication for his mental illness, he was capable of making informed judgments about his case." Objections at 1. In support, he has filed the affidavit of Dr. Ricky S. Mosfen, an osteopath with board certification in psychiatry and pain management. Dr. Mosfen reviewed petitioner's medical records from June 2004 to March 2005, which encompasses the time period in which petitioner should have pursued state post-conviction remedies.

Dr. Mosfen concluded that petitioner received "inappropriate treatment for his paranoid schizophrenic condition. For example, Mr. Sims received Haldol at an insufficient dose, which was ineffective to treat the positive as well as negative symptoms of schizophrenia." Objection, Ex. 3 at 4. He also states that "I can conclude to a reasonable degree of medical certainty that Mr. Sims lacked the insight and judgment necessary to contribute to or participate in his defense, such as filing motions, conferring with attorneys or understanding the advice given to him by his attorneys." Id.

However, the opinion of Dr. Mosfen is only based on a review of the medications that the petitioner received and the notes of

his treating physicians, not on an actual assessment of the petitioner during the 180-day post-conviction period.  During that time, the petitioner received a varying combination of medications aimed at controlling his symptoms -- a combination of drugs which Dr. Mosfen believes was ineffective at controlling all of the petitioner's symptoms.  But there is no evidence which supports the conclusion that because petitioner received less-than-ideal treatment, he was therefore incompetent to waive his post-conviction remedies.  The record, including Dr. Mosfen's report and other evidence filed with petitioner's objection, does not demonstrate a conclusive showing of incompetence so as to constitute cause.

Records of petitioner's treatment during the relevant time period repeatedly reflect control of many of petitioner's symptoms. For example, on June 24, 2004, shortly after petitioner was committed to the custody of the Department of Corrections, the treating physician's notes state that the petitioner's mood was depressed, but he was able to control and direct his thoughts, he had no thought disorganization, and his communication was organized and logical.  Mem. in Supp. of Objections, Ex. 1 at 16-17.  The physician noted no delusional statements, and stated that the petitioner's insight was fair.  <u>Id.</u>  Similar assessments were reported on July 26, 2004 and August 5, 2004.  Not until March 23, 2005, after the 180-day post-conviction period ended, did an assessment reflect that the petitioner had active delusions and other indications of disorganized thoughts.  <u>Id.</u> at 23.

It is not disputed that the petitioner has a history of mental illness. However, as the court stated in Nachtigall v. Class, 48 F.3d 1076, 1081 (8th Cir. 1995), "[m]ental illness and legal incompetence are not identical, nor are all mentally ill people legally incompetent." The Court concurs with Judge Medler's conclusion that petitioner procedurally defaulted on the issues raised in his habeas complaint, and that he has not shown cause for the default.

Petitioner also raises two objections to the Report and Recommendation's finding that in the alternative, the issues raised in his habeas petition are without merit. Like the objections he raises to the finding of procedural default, petitioner contends that the Magistrate Judge erroneously assumed that because he was receiving treatment, he was competent. Although the Court believes that the procedural default is dispositive in this case, it will address the petitioner's objections.

Petitioner's first claim is that his guilty plea was not knowing, intelligent, or voluntary because he was suffering from inadequately treated schizophrenia at the time. He claims that the trial court should have *sua sponte* ordered a competency hearing. He also indirectly argues that his appointed counsel failed to request a competency hearing. In objecting to the Report and Recommendation, he states that "as with the procedural default analysis . . . the Magistrate's conclusions are based entirely on the inaccurate presumption that Sims' treatment was effective to

alleviate the symptoms of his paranoid schizophrenia." Objections at 14.

It is clear from the Report and Recommendation that the Magistrate Judge evaluated the voluntariness of petitioner's guilty plea based on the transcript of the plea proceeding, not simply on an assumption about the effectiveness of petitioner's treatment. Petitioner met the standard for competency by demonstrating that he had "sufficient . . . ability to consult with his lawyer with a reasonable degree of rational understanding -- and [that] he [had] a rational as well as factual understanding of the proceedings against him." Dusky v. U.S., 362 U.S. 402, 402 (1960). See also Drope v. Missouri, 420 U.S. 162, 171 (1975). As the Eighth Circuit has stated, "not every manifestation of mental illness demonstrates incompetence to stand trial. . . . Treatment with anti-psychotic drugs does not per se render a defendant incompetent to stand trial." Vogt v. U.S., 88 F.3d 587, 591 (8th Cir. 1996) (internal citations omitted).

Again, petitioner presses the argument that ineffective treatment should be equated with incompetency. However, the only evidence of petitioner's state of mind during his guilty plea is the same information available to the trial court at the time: aside from stating that he was schizophrenic and on medication for that condition, petitioner made statements indicating that he understood the charges against him and had communicated with his lawyers. While the trial court *could* have ordered a competency

hearing based on petitioner's admission of mental health problems, the court was *required* to consider

> (1) evidence of irrational behavior by the accused, (2) the accused's demeanor at trial, and (3) any prior medical opinion as to the mental competency of the accused to stand trial. Additionally, the trial court may consider an express doubt by the accused's attorney, although such doubt alone is not enough to establish sufficient doubt.

Reynolds v. Norris, 86 F.3d 796, 800 (8th Cir. 1996) (internal citations omitted). The petitioner was not apparently irrational and expressed a past and present ability to consult with counsel regarding his case. There were no prior medical opinions about the petitioner's ability to stand trial before the court, and petitioner's counsel did not argue that he was incompetent to stand trial. Furthermore, even if counsel had expressed a doubt about petitioner's competence, that would not have been enough to conclusively establish sufficient doubt.

At most, petitioner has shown that he has a history of mental illness and an inconsistent pattern of effective treatment for that illness, which does not establish by a preponderance of the evidence that he was incompetent to stand trial, or that the trial court erred by failing to order an incompetency hearing. See Vogt, 88 F.3d at 591 ("The burden of persuasion [is] on petitioner to show that he was incompetent by a preponderance of the evidence.").

Petitioner also objects to the Magistrate Judge's evaluation of his ineffective assistance of counsel claim, and argues that his counsel failed to investigate a defense based on his mental illness and that she gave him inaccurate advice about the consequences of

a mental competency examination.  In the context of a guilty plea, to prevail on an ineffective assistance of counsel claim "petitioner must show that counsel's representation fell below an objective standard of reasonableness, and that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Gumangan v. U.S., 254 F.3d 701, 705 (8th Cir. 2001), quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Here, petitioner was required to demonstrate the existence of two separate instances of prejudice.  First, he had to show that if a competency hearing had been requested by his attorney, he would have been found incompetent to stand trial or enter a guilty plea. As discussed above, petitioner did not demonstrate, by a preponderance of the evidence, that he was incompetent to enter a guilty plea.  Whether or not petitioner's attorney gave him erroneous advice about the effect of requesting a competency hearing, petitioner has not demonstrated prejudice from the failure to obtain a competency hearing.

Second, the foregoing burden is entirely separate from his burden to show that had his attorney pursued an insanity defense and had taken the case to trial (assuming petitioner's competence to stand trial), he would have been found not guilty by reason of mental disease or defect.  Petitioner does not address this contention aside from a summary sentence in the traverse: "A vigorous defense premised on Sims' mental disease or defect would likely have resulted either in a verdict of not guilty by reason of

mental disease or defect as to one or more of the charges or acquittal on one or more of the charges." Traverse at 13. Petitioner has not demonstrated prejudice resulting from the assistance of his appointed counsel, and consequently, his second claim is also without merit.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Mary Ann L. Medler [#16] is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that Donnell Sims's petition for writ of habeas corpus [#2] is **denied.**

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of August, 2006.